**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TOYE WHEELER,
Plaintiff-Appellant,

v.

WESTMORELAND RETIREMENT PLAN;
COMMITTEE OF THE WESTMORELAND
RETIREMENT PLAN,
Defendants-Appellees.

No. 98-2173

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CA-95-150-A)

Argued: March 2, 1999

Decided: June 8, 1999

Before ERVIN, Circuit Judge,
VOORHEES, United States District Judge for the
Western District of North Carolina, sitting by designation,
and FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James A. Holifield, Jr., KENNEDY, MONTGOMERY &
FINLEY, P.C., Knoxville, Tennessee, for Appellant. Brian D.

Pedrow, BALLARD, SPAHR, ANDREWS & INGERSOLL, L.L.P., Philadelphia, Pennsylvania, for Appellees. **ON BRIEF:** Charles Richard Jessee, JESSEE & READ, P.C., Abingdon, Virginia, for Appellant. Gayle B. Stein, BALLARD, SPAHR, ANDREWS & INGERSOLL, L.L.P., Philadelphia, Pennsylvania; Carol Connor Flowe, Marc A. Tenenbaum, ARENT, FOX, KINTNER, PLOTKIN & KAHN, P.L.L.C., Washington, D.C.; W. Challen Walling, Mark E. Frye, PENN, STUART & ESKRIDGE, Bristol, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On August 28, 1995, Toye Wheeler ("Wheeler"), filed a complaint against the Westmoreland Coal Company and Affiliated Coal Companies Employees' Retirement Plan ("Plan") and the Administrative Committee of the Plan ("Committee"), seeking to reverse the Committee's decision not to include years of service while represented by the United Mine Workers of America ("UMWA") in benefits Wheeler is to receive under the Plan.

On June 1, 1998, Judge Glen M. Williams heard oral argument on the parties' cross-motions for summary judgment. Judge Williams granted summary judgment to the defendants in an order dated July 22, 1998. Plaintiff appeals that decision.

I.

The district court made the following factual findings. From 1968 to August of 1977, Wheeler was employed by Westmoreland Coal Company ("Westmoreland") and represented by the UMWA. During this time, Westmoreland made contributions to the UMWA Retire-

2

ment Fund on Wheeler's behalf. In August of 1977, Wheeler transferred from his UMWA-represented position to a non-union salaried position with Westmoreland. Prior to the effective date of ERISA, December 1, 1976, Westmoreland had a practice of granting benefit credit to transferring employees for years spent while represented by the UMWA. Before ERISA, employees who transferred from a union to a non-union position risked losing retirement benefits accrued while represented by the UMWA. Wheeler became a participant in the Plan upon his transfer in August of 1977.

The parties dispute whether Wheeler was assured by Westmoreland employee Mr. Freddie Allison that Wheeler would be credited for his years of UMWA-represented service. After his transfer, Wheeler received benefit statements which estimated his accrued benefit. Some of these reports included his time spent in a union position.

Wheeler was terminated from employment with Westmoreland on October 2, 1992, and was informed on October 22, 1992, that the Plan would not credit him with the time spent in the union position. Wheeler currently receives pension benefits from the UMWA for his nine (9) years of UMWA-represented employment, and from the Plan for his fifteen (15) years of non-union employment.

Wheeler submitted an ERISA claim requesting reconsideration of the benefits decision seeking benefits from Westmoreland for twenty-four (24) years of service while simultaneously receiving benefits from the UMWA for nine (9) of those years. The Committee denied the request, citing the 1984 Plan which provided benefits only for service in a salaried position. This Plan description also noted that employees transferring on or after December 1, 1976 (the effective date of ERISA), would not receive credit, though those transferring prior to that date would receive credit.* Wheeler appealed. The Committee again denied benefits for the union years, noting that erroneous

_____

*Four employees who transferred after December 1, 1976, did receive credit for their union service. The appellees claim that this benefit was an error, but because these former employees were already receiving benefits it would create a great hardship to now reduce those benefits to their proper amounts. Wheeler was not receiving benefits when the Committee made its decision.

3

benefit statements and the alleged comments by employee Allison could not create a modification in the Plan. Wheeler then filed this complaint in district court.

## II.

The court conducts a <u>de novo</u> review of the district court's grant of summary judgment. <u>See United McGill v. Stinnett</u>, 154 F.3d 168, 170 (4th Cir. 1998). Factual determinations are reviewed under the clearly erroneous standard. <u>See Leimback v. Allen</u>, 976 F.2d 912, 917 (4th Cir. 1992). Questions of law are reviewed <u>de novo</u>. <u>See id.</u> The issue presented on appeal ultimately involves a question of law, though the court may review the lower court's underlying factual determinations for clear error.

## III.

Wheeler argues that the District Court erred because he was a member of an "informal plan" that counted the nine years of union service in the calculation of benefits under the Plan. This Court has noted that "[a]n informal plan may exist independent of, and in addition to, a formal plan as long as the informal plan meets all of the elements outlined in <u>Donovan</u>." <u>Elmore v. Cone Mills Corp.</u>, 23 F.3d 855, 861 (4th Cir. 1994). In <u>Donovan v. Dillingham</u>, the Eleventh Circuit ruled that an informal plan could exist "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." 688 F.2d 1367, 1373 (11th Cir. 1982).

Judge Williams found that, while the first three criteria were "arguably satisfied, no employee could discern the procedures for receiving benefits by studying the evidence presented by Wheeler." (J.A. at 1452.) Wheeler argues that this final prong has been met. Wheeler contends that a member of the Committee, Mr. Glenn Pierce, described the procedure for obtaining benefits for union service under the Plan. However, the process described in Mr. Pierce's deposition is for someone retiring <u>prior to</u> the effective date of ERISA, and the process described by Mr. Pierce was that of the formal 1970 Plan, not an informal plan. (<u>See</u> J.A. at 881.)

4

Wheeler next points to the affidavit of Hubert Blevins who transferred from a union to a non-union position in 1973 and retired in 1985. Mr. Blevins was credited for his union time. Mr. Blevins transferred prior to the effective date of ERISA when the appellees had a practice in place of crediting union time to compensate for the loss of benefits that would have been imposed by the UMWA prior to the enactment of ERISA.

Wheeler also complains that the district court repeatedly used the term "practice" to describe Westmoreland's crediting of time spent in a union position prior to December 1, 1976, for the purpose of calculating benefits under the Plan. Wheeler contends that ERISA does not authorize retirement benefit "practices." Apparently, therefore, this practice must be an informal plan. Wheeler ignores the fact that the practice terminated on the effective date of ERISA. Even if Wheeler is correct that ERISA does not authorize "practices," that argument is irrelevant here where the practice ended with the beginning of ERISA.

In Elmore, when this court found that an informal plan could exist under Donovan, we cited Henglein v. Informal Plan for Plant Shutdown Benefits for Salaried Employees, 974 F.2d 391, 400 (3d Cir. 1992), for the proposition that an informal plan could exist alongside a formal plan in the absence of an integration clause. See Elmore, 23 F.3d at 861. In this case, the formal plan contains such a clause which excludes the possibility of an informal plan. (See J.A. at 35.) Wheeler's contention that there was an informal plan is without merit.

Next, Wheeler contends that he became eligible to be included in the 1970 Plan on December 1, 1977. The district court accepted this position because the effective language between the 1970 and 1976 Plans was unchanged. Wheeler contends that the appellees could then modify the 1970 Plan without a writing, and did so with Mr. Allison's oral representation. Wheeler also contends that appellees modified the Plan in a memorandum by C. A. Ivery. (See J.A. at 1236.)

First, Mr. Allison's alleged representations were made after the enactment of ERISA. Wheeler admits that ERISA case law prohibits oral modifications. See Biggers v. Wittek Indus. , 4 F.3d 291, 295 (4th Cir. 1993) (oral and informal modifications inadequate to alter written

5

terms of plan); <u>Coleman v. Nationwide Life Ins. Co.</u>, 969 F.2d 54, 58-59 (4th Cir. 1992) (plan modifications must be in writing and in conformity with formal amendment procedures).

Second, the March 11, 1970 internal, non-public memorandum by Mr. Ivery merely recounts the practice in place at the time, and specifically notes that this practice is outside of the Plan. "[T]his question arose at the time the pension plan was put into affect [sic] and the decision was made <u>at that time</u> to give credit for service in union status . . . ." (J.A. at 1236 (emphasis added).) Clearly, if Westmoreland had intended for this to be part of the actual Plan, it would have put these terms in the Plan at that time.

Wheeler's contention that the 1970 Plan was modified to incorporate the practice, and that Wheeler is thus covered by this modification, clearly lacks merit.

We therefore conclude that there was not an informal plan, that the 1970 Plan was not modified to incorporate the pre-ERISA practice of crediting union service for non-union pension benefits, and that appellant did not have vested pension benefits based on combined union and non-union years of service. Accordingly, the decision of the district court is

<u>AFFIRMED</u>.

6